1
2
3
4
5

6                    **UNITED STATES DISTRICT COURT**

7                          **DISTRICT OF NEVADA**

8

| | |
|---|---|
| In re AFRODITI LEDSTROM, | Case No.: 2:14-cv-569-JAD-PAL |
| Debtor, | |
| YVETTE WEINSTEIN, Chapter 11 Trustee, | Bankr. No. 12-11672-MKN<br>Bankr. Adv. No. 14-01018-MKN |
| Plaintiff, | |
| vs. | **Order Denying Defendants' Motion for Withdrawal of the Reference to the Bankruptcy Court (#1)** |
| 1531 LVBS, LLC, a Nevada limited liability company, LV CABARET SOUTH, LLC, a Nevada limited liability company, | |
| Defendants. | |

18    Currently before the Court is 1531 LVBS, LLC's ("1531") and LV Cabaret South, LLC's

19 Motion for Withdrawal of the Reference of the Adversary Proceeding, Case No. 14-01018-MKN, to

20 the Bankruptcy Court.[1]  On March 14, 2014, Plaintiff Yvette Weinstein, in her capacity as Chapter

21 11 trustee filed an Opposition to the Motion;[2] Defendants filed no Reply.  Because it does not appear

22 that the Bankruptcy Court has yet determined whether the adversary proceeding is a core or non-

23 core matter, the coourt denies the Motion to Withdraw as premature.

24
25

26  ///

27  ///

28

_____

[1]Doc. 1.

[2]Doc. 1-9.

**Background[3]**

On January 30, 2014, Plaintiff filed an Adversary Complaint under Debtor Afroditi Ledstrom's ("Debtor") chapter 11 bankruptcy proceedings.[4]  The Complaint alleges that in December 2009 owners of the business entities OGE, OGEAD, and Aristotle Holdings who hold various property interests in the Olympic Garden adult entertainment club ("OG Club") in Las Vegas commenced litigation against each other in Nevada state court.[5]  One of these owners is Debtor, who filed her chapter 11 petition on February 14, 2012.[6]  On May 4, 2012, the state court action was removed to the bankruptcy court.[7]  On August 21, 2013, Defendant 1531entered into an Agreement to purchase the assets and real property constituting the OG Club from OGE and OGEAD subject to the bankruptcy court's approval.[8]  On August 22, 2013, Defendants deposited earnest money into escrow, but failed to close escrow under the terms of the agreement,[9] prompting this adversary proceeding.

The causes of action alleged are: (1) breach of contract, (2) declaratory relief under 28 U.S.C. § 2201, (3) promissory estoppel, (4) specific performance, and (5) injunctive relief.[10]  On April 10, 2014, Defendants filed the instant Motion to Withdraw the Reference and a separately filed Demand for Jury Trial.  Unfortunately, the 810-page record attached to the Motion to Withdraw does not present the documents listed in the Designation of Record[11] in the order listed, and thus the Court is unable to identify the Jury Demand document the Designation of Record otherwise suggests

---

[3]This background discussion is intended only to provide background and does not in anyway constitute the Court's finds of fact.

[4]Doc. 1-1.

[5]Doc. 1-1 at 15-16.

[6]*Id*. at 2.

[7]*Id*. at 16.

[8]*Id*.

[9]*Id*. at 17.

[10]*Id*. at 4-7.

[11]Doc. 1 at 1-2

1  exists.

2          Nevertheless, Defendants appear to argue that they have a right to a jury trial on the basis of

3  the causes of action alleged against them and because they have not filed a proof of claim in the

4  main bankruptcy nor otherwise consented to the bankruptcy court's jurisdiction.[12]  Plaintiff counters

5  that the agreement arose only post-petition and is subject to the bankruptcy court's jurisdiction

6  because Debtor is a one-sixth owner of OGE and OGEAD; any liquidation of that interest, which

7  would be property of the bankruptcy estate under 11 U.S.C. § 541(a), would be subject to approval

8  by the bankruptcy court.[13]  Plaintiff also asserts that each of the causes of action are core

9  proceedings under 11 U.S.C. § 157(b)(2).[14]  Thus, Plaintiff argues, because the breach of contract

10  claim arises from post-petition activities, while the Chapter 11 trustee was administering and

11  liquidating the assets of the estate, the right to a jury does not attach to the causes of action in this

12  case.

13                              **Discussion**

14          Federal courts have original jurisdiction over civil proceedings arising under, arising in, or

15  related to bankruptcy cases.[15]  The district court may refer these matters to a bankruptcy judge,[16] and

16  under LR 1001(b)(1) that is precisely what this district does.  A reference to the bankruptcy court

17  may be subject to a permissive or mandatory withdrawal, depending on the circumstances

18  presented.[17]  Withdrawal is mandatory in cases requiring material consideration "of both title 11 and

19  other laws of the United States regulating organizations or activities affecting interstate

20

21  _____

22  [12]Doc. 1-1 at 5 (citing *Langenkamp v. Culp*, 498 U.S. 42, 45 (1990); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58-59 (1989)).

23  [13]Doc. 1-9 at 8.

24  [14]*Id.*

25  [15]28 U.S.C. § 1334(a); *McGhan v. Rutz (In re McGhan)*, 288 F.3d 1172, 1179 (9th Cir.2002).

26

27  [16]28 U.S.C. § 157(a).

28  [17]*See* 28 U.S.C. § 157(d); LR 5011(e).

                              3

commerce."[18]  It is permissive in any case or proceeding referred to a bankruptcy court upon the district court's own motion, or on a party's timely motion for cause shown.[19]  "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors."[20]  "Other factors that could be relevant are whether the issues are core or non-core proceedings, and the right to a jury trial."[21]

The Bankruptcy Code recognizes a distinction between core and noncore bankruptcy matters:[22]

> In noncore matters, the bankruptcy court acts as an adjunct to the district court, in a fashion similar to that of a magistrate or special master. In noncore matters, the bankruptcy court may not enter final judgments without the consent of the parties, and its findings of fact and conclusions of law in noncore matters are subject to de novo review by the district court. . . . In contrast to the bankruptcy court's authority in noncore cases, the bankruptcy court may enter final judgments in so-called core cases, which are appealable to the district court.[23]

11 U.S.C. § 157(b)(3) provides that the bankruptcy court shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under subsection 157(b). Local Bankruptcy Rule 9015(c) provides that "[i]n any proceeding in which a demand for jury trial is made, the [bankruptcy] court will, on a motion of (1) one of the parties or on the court's own motion, determine whether the demand was timely made and whether the demanding party has a right to a jury trial."  The Local Rule further provides that:

> Upon the [bankruptcy] court's determination that the demand was

---

[18]*Id.*

[19]*Id.*

[20]*Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997).

[21]*Rosenberg v. Harvey A. Bookstein*, 479 B.R. 584, 587 (D. Nev. 2012) (citations omitted).

[22]*Taxel v. Electronic Sports Research (In re Cinematronics, Inc)*, 916 F.2d 1444, 1449 (9th Cir. 1990).

[23]*Id.* (citations omitted).

1                                        timely made and the party has a right to a jury trial, and if all the parties have not filed a written consent to a jury trial in the bankruptcy court, the bankruptcy court will certify the matter to the district court.  Upon certification, the district court shall open a new civil matter, and shall assign a date for trial.

Local Bankruptcy Rule 9015(d).  On cursory inspection of the Designation of Record's listing of documents,[24] it does not appear that the bankruptcy court has passed on the question of whether the causes of action in this case are core or non-core proceedings under § 157(b).  For this reason, it remains premature for this Court to determine whether withdrawal of the reference to the bankruptcy court is warranted in this case.  Thus, the motion is denied as premature.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Withdrawal of the Reference **(Doc. 1) is DENIED** without prejudice.

Dated on this 21st day of May, 2014.

                                                _____

                                                Jennifer A. Dorsey
                                                United States District Judge

---

[24]Doc. 1 at 1-2.